[Crim. No. 2658.   Third Dist.   Jan. 23, 1957.]

THE PEOPLE, Respondent, v. WALTER BURGESS, Appellant.

Walter Burgess, in pro. per., and Reynold J. Gualco, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—The defendant, Walter Burgess, in propria persona, appeals from a judgment of conviction entered pursuant to the jury's verdict finding him guilty of the crime of issuing a check without sufficient funds in violation of section 476a of the Penal Code, and from an order denying his motion for a new trial.

Upon defendant's request, Mr. Reynold J. Gualco was appointed by this court to represent him on appeal. Mr. Gualco has reported to the court that he has made a careful review of the record; that he has had a lengthy interview with defendant; and that he finds no grounds for reversal. In view of the situation presented, this court has made an independent study of the entire record, and we conclude, as did Mr. Gualco, that there is no merit in the appeal.

The record shows that defendant delivered a check in the sum of $105 dated October 14, 1954, to the payee and complaining witness Osborne in payment on the purchase price of a Mercury automobile. Defendant testified that when he issued the check he knew he had neither sufficient funds in, nor credit with, the drawee bank for payment of said check, but that when he issued said check he believed he would be able to cover it. An employee of the bank testified that the check was received on October 18, 1954, by the drawee after it had been endorsed by the payee for collection, and that there were no funds in defendant's account to pay said check when it was made, nor were there any funds subsequent to that date. There was a substantial conflict in the evidence regarding the question of defendant's criminal knowledge and intent. Defendant's testimony that he told Osborne he did not think he had the check covered at the time but was expecting a check over the weekend which he intended to deposit Monday morning, and that the check would be covered at that time, was in conflict with Osborne's testimony that he had no such discussion with the defendant. The jury was not compelled to believe the defendant's testimony that he expected to receive $500 that weekend from an agreement he was negotiating for the rental of his tractor. Particularly is this true in view of defendant's further testimony that he expected to receive, at about that time, $900 from one Lloyd Monroe in payment for certain logging operations, which testimony was contradicted by Mrs. Virginia E. Monroe who testified that she was her husband's bookkeeper and that there was no money due to the defendant from them.

Our examination of the record has disclosed no error in the

admission or exclusion of evidence. It further appears that the jury was fully and fairly instructed. Hence, under all of the circumstances, it necessarily follows that the verdict is amply sustained by the record and that appeal is without merit.

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.